**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 22-4298

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

MATTHEW LEVITICUS MURPHY,

Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  William L. Osteen, Jr., District Judge.  (1:21-cr-00104-WO-1)

Submitted:  April 10, 2023                    Decided:  April 19, 2023

Before WYNN and THACKER, Circuit Judges, and TRAXLER, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

**ON BRIEF:**  Louis C. Allen, Federal Public Defender, Ames C. Chamberlin, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Greensboro, North Carolina, for Appellant.  Sandra J. Hairston, United States Attorney, Veronica L. Edmisten, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Pursuant to a written plea agreement, Matthew Leviticus Murphy pled guilty to two counts of possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g), 924(a)(2) (2018)[1] (Counts 1 and 3).  These offenses arose out of separate incidents that occurred two months apart.  Murphy possessed the gun in Count 1 on November 21, 2020, when he forced his way into a home, held a family at gunpoint, and fired a shot into the floor.  Murphy possessed the firearm in Count 3 on January 31, 2021, in connection with controlled substance trafficking.

The district court declined Murphy's request for a sentence below the advisory Sentencing Guidelines range and instead sentenced Murphy to consecutive 120-month terms of imprisonment on each count, for an aggregate within-Guidelines sentence of 240 months.  On appeal, Murphy asserts that his sentence is unreasonable, arguing that it is greater than necessary to meet the sentencing goals of 18 U.S.C. § 3553(a).

We review a sentence for reasonableness, applying "a deferential abuse-of-discretion standard." *Gall v. United States*, 552 U.S. 38, 41 (2007).  We first "ensure that the district court committed no significant procedural error, such as . . . improperly calculating[] the Guidelines range . . . , failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen

---

[1] Section 924(a)(2) was amended and no longer provides the penalty for § 922(g) convictions.  *See* Bipartisan Safer Communities Act, Pub. L. No. 117-159, § 12004(c), 136 Stat. 1313, 1329 (2022).  The new penalty provision does not apply in this case, however, because Murphy's offenses were committed before the June 25, 2022, amendment to the statute.

sentence." *United States v. Fowler*, 948 F.3d 663, 668 (4th Cir. 2020) (internal quotation marks omitted). "If we determine that the district court has not committed procedural error, only then do we proceed to assess the substantive reasonableness of the sentence." *United States v. Nance*, 957 F.3d 204, 212 (4th Cir. 2020). "The ultimate question . . . is whether the sentence is 'sufficient, but not greater than necessary' in light of the factors identified in § 3553(a)." *United States v. Mendoza-Mendoza*, 597 F.3d 212, 216 (4th Cir. 2010) (quoting *Kimbrough v. United States*, 552 U.S. 85, 111 (2007)).

Here, the district court properly calculated the advisory Sentencing Guidelines range, provided the parties with an opportunity to argue for an appropriate sentence, considered the § 3553(a) factors, did not rely on clearly erroneous facts, and thoroughly explained its sentence. We therefore conclude that Murphy's sentence is procedurally reasonable.

Substantive reasonableness, the second step of reasonableness review, "takes into account 'the totality of the circumstances' to determine 'whether the sentencing court abused its discretion in concluding that the sentence it chose satisfied the standards set forth in § 3553(a).'" *Nance*, 957 F.3d at 212 (quoting *Mendoza-Mendoza*, 597 F.3d at 216)). "A sentence that is within or below a properly calculated Guidelines range is presumptively [substantively] reasonable." *United States v. Bennett*, 986 F.3d 389, 401 (4th Cir. 2021) (internal quotation marks omitted). "On appeal, such a presumption can only be rebutted by showing that the sentence is unreasonable when measured against the 18 U.S.C. § 3553(a) factors." *Id*. (internal quotation marks and alteration omitted). Murphy argues that several of the § 3553(a) factors justify a below-Guidelines sentence, including his

3

history and characteristics, *see* § 3553(a)(1); the nature and circumstances of the offenses *see id.*; the need for the sentence to provide adequate deterrence, *see* § 3553(a)(2)(B); and the need for the sentence to protect the public, *see* § 3553(a)(2)(C).

At the sentencing hearing, the district court considered Murphy's history and characteristics, engaging in an active colloquy with counsel and Murphy's witnesses about Murphy's extremely difficult childhood and his mental health issues. The court acknowledged the challenge of reconciling these mitigating factors with the need for incapacitation when fashioning Murphy's sentence. As for the nature and circumstances of Murphy's offenses, the court took into account the situation surrounding each § 922(g) offense. The court found that, standing alone, the conduct giving rise to Count 3 was very serious. But, in the court's view, the seriousness of that offense was exacerbated by the fact that Murphy committed this offense after engaging in the disturbingly violent conduct that gave rise to his conviction on Count 1. The court found that Murphy's commission of the January 2021 firearm offense undermined his expressions of remorse for his conduct related to the November 2020 firearm offense.

Turning to the need for the sentence to provide adequate deterrence and to protect the public, the district court considered Murphy's arguments that his criminal conduct was rooted in his adverse childhood experiences and mental health issues and could be addressed through psychological treatment. However, the court deemed the data too generalized and the testimony too general to be able to conclude that such treatment would be effective for Murphy. Furthermore, the court emphasized the violent nature of the Count 1 offense and opined that Murphy's commission of a second firearm offense two months

later demonstrated his willingness to continue engaging in violence, reflecting a significant need for a sentence that would protect the public.

After thoughtful consideration of the parties' arguments, the district court  reached a well-reasoned conclusion grounded in § 3553(a) factors that, notwithstanding Murphy's exceptionally troubling childhood experiences and his mental health issues, a below-Guidelines sentence would not  satisfy the sentencing goals of § 3553(a).  We conclude that Murphy failed to rebut the presumption of reasonableness accorded his within-Guidelines sentence, and we discern no abuse of discretion in the district court's determination that a 240-month sentence was sufficient but not greater than necessary.

Accordingly, we affirm the criminal judgment.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*